Dissenting opinion issued July 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01079-CV

———————————

City of Houston, Appellant

V.

Christopher
Rhule, Appellee



 



 

On Appeal from the 281st District Court

Harris County, Texas



Trial Court Case No. 0579440

 



 

DISSENTING OPINION

          Christopher
Rhule suffered a tragic injury in the line of duty serving as a City of Houston
firefighter.  There is no dispute that
for his sacrifice, Rhule justly deserved to be compensated.  There was, however, a dispute about the
amount of workers’ compensation that would be paid to Rhule, and that matter
was resolved by a settlement agreement.

          The
validity of a waiver of governmental immunity depends on the waiver being clear
and unambiguous as to its scope.  See, e.g., Tex. Gov’t Code Ann. § 311.034 (West Supp. 2010); Travis Cent. Appraisal Dist. v. Norman,
No. 09-0100, 2011 WL 1652133, at *4 (Tex. Apr. 29, 2011).  In the case of the workers’ compensation
system, the available remedies are limited and exclusive.  See,
e.g., Tex. Labor Code Ann. § 408.001
(West 2006); HCBeck, Ltd. v. Rice,
284 S.W.3d 349, 352 (Tex. 2009).  Remedies
not clearly and unambiguously included in the workers’ compensation system are
therefore not included in the scope of the waiver of governmental immunity.  See,
e.g., City of LaPorte v. Barfield,
898 S.W.2d 288, 297 (Tex. 1995) (“The rule that a waiver of immunity must be
clear and unambiguous applies to both the existence and the extent of the
waiver.”).

          The
City of Houston asserts immunity from Rhule’s suit for breach of the settlement
agreement, but only to the extent the claim seeks monetary relief for physical
pain and mental anguish allegedly resulting from the City’s breach of
contract.  Those theories of recovery
were not available among the statutory remedies for Rhule’s original workers’
compensation claim.  At the time of
Rhule’s original claim, his sole recoverable remedies were (1) a
percentage of his average weekly wage, up to a statutory maximum, and for no
more than 401 weeks, (2) reasonable and necessary medical expenses, and
(3) attorney’s fees awarded as a percentage of any income benefits
received.[*]  

The common-sense principle that a
governmental entity does not expand the scope of the waiver of its immunity by
settling a claim as to which it was not immune was a critical assumption
underlying the decision in Texas A &
M University-Kingsville v. Lawson, 87 S.W.3d 518 (Tex. 2002).  Lawson
held that when the State enters into a settlement agreement to resolve a claim
for which it has waived immunity, it cannot thereafter claim immunity against a
claim for breach of the settlement agreement. 
See id. at 522–53.  In holding that the “State should not regain
waived immunity by settling a case,” a plurality of the Texas Supreme Court
noted that its holding assumed that “a governmental entity would not, in
settling a suit for which immunity has been waived, undertake an obligation
that exposes it to liability much greater or different than that which it faced
from the original claim.”  Id. at 522.  Relying on that logic, our Court has
previously held that there is no waiver of immunity to suit for a claimed
breach of a settlement agreement when the State was immune from the settled
claim.  See Porretto v. Patterson,
251 S.W.3d 701, 712 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

          This
is not a case in which a governmental entity would reclaim waived immunity by
asserting immunity from a suit for breach of a settlement agreement.  The City was immune from the outset from suit
for claims of pain and suffering or mental anguish.  In settling a workers’ compensation claim, no
rational governmental entity would agree to provide greater remedies than those
available through the workers’ compensation system and for which immunity already
had been waived.  And unless the claimant
were willing to settle his claim for something of lesser value than the lowest
reasonable settlement value for the remedies available in the workers’
compensation system (certainly a rare circumstance and something no party has
suggested happened in this case), a rational governmental entity would only
agree in settlement to provide a remedy within the universe of outcomes
available in the workers’ compensation process (or of equivalent value).  

The majority’s holding may lead
state governmental entities to be reluctant to agree to provide lifetime
medical benefits to workers’ compensation claimants for fear that a future
dispute over the provision of such benefits could expose the entity to mental
anguish damages and other remedies that would not be available to the claimant
so long as the government simply litigates the claim to the conclusion of the
administrative and legal process.  In
this case, the City agreed to provide a remedy that could have resulted from
the workers’ compensation claim resolution process (i.e. lifetime medical
benefits and a fixed amount of cash). 
Only the fact of a settlement agreement is now alleged to support
Rhule’s claim for pain and suffering and mental anguish damages.  The fact of a settlement agreement with Rhule
should not render the City subject to responding to a suit alleging theories of
recovery from which it would be immune if it had refused to settle and the
outcome of the claims process had been the same.  The law of governmental immunity does not permit
this undesirable result.  

Rhule acknowledges that the City
was self-insured.  To the extent that a
workers’ compensation claimant may assert a claim in connection with the care,
skill, or reasonable expedience and faithfulness with which a claim is paid by
a workers’ compensation carrier, that claim arises not under the statutory
workers’ compensation scheme, but instead under an independent common-law duty
of good faith and fair dealing recognized by the Texas Supreme Court in Aranda v. Insurance Company of North America,
748 S.W.2d 210, 212–13 (Tex. 1988).  The
Legislature has specified that a tort action for breach of that duty, if any,
may only be asserted against a governmental entity consistent with the Texas
Tort Claims Act.  See Tex. Labor Code Ann.
§ 416.002(b) (West 2006); see also
Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (Texas Tort
Claims Act); Jackson v. City of Galveston,
837 S.W.2d 868, 870–71 (Tex. App.—Houston [14th Dist.] 1992, writ denied)
(characterizing provision of workers’ compensation benefits as governmental
function).  Courts traditionally defer to
the Legislature on the waiver of governmental immunity, assuming it to be
“better suited to balance the conflicting policy issues associated with waving
immunity.”  Norman, 2011 WL 1652133, at *4 (quoting Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695 (Tex.
2003)).  It is contrary to the
Legislature’s intent as expressed in Labor Code section 416.002(b) to
allow this suit to proceed against a governmental entity for what is
essentially a tort recovery (i.e., pain and suffering or mental anguish
damages) arising from a failure to provide workers’ compensation benefits.

The City’s plea to the jurisdiction
should have been granted, and I respectfully dissent from the panel majority’s
contrary conclusion.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice Massengale, dissenting.











[*]           Because
Rhule’s injury occurred in 1988, his claim was governed by the “old” worker’s
compensation act.  See generally Act of May 26, 1981, 67th Leg. R.S., ch. 861, § 1,
1981 Tex. Gen. Laws 3290, 3290 (formerly codified at Tex. Rev. Civ. Stat.
art. 8306 § 10), repealed by Act of
Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.07(7), 1989 Tex. Gen. Laws 1,
114; Act of Mar. 6, 1969, 61st Leg. R.S., ch. 18, § 4, 1969 Tex. Gen. Laws 48,
49 (formerly codified at Tex. Rev. Civ.
Stat. art. 8306, § 11), repealed
by Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), 1989 Tex.
Gen. Laws 1, 114; see also Act of
Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 15.47, 1989 Tex. Gen. Laws 1, 113
(formerly codified as Tex. Rev. Civ. State. Art. 8309h, § 3), repealed by Act of May 12, 1993, 73rd Leg.,
R.S., ch. 269, 1993 Tex. Gen. Laws 987, 1250. 
The Legislature codified the current worker’s compensation system in the
Labor Code as the Texas Workers’ Compensation Act.  See
Tex. Labor Code Ann. §§
401.001–419.007 (West 2006 & Supp. 2010); see also Tex. Labor Code
Ann. §§ 504.001–.073 (West 2006 & Supp. 2010) (providing for
worker’s compensation insurance coverage for employees of political
subdivisions).